UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) No. 4:25-cr-00063-HEA |
| JOSHUA J. JOHNSON, | ) |
| Defendant. | ) |

### The Government's Trial Brief

The United States of America—by and through Acting U.S. Attorney Matthew T. Drake and Assistant U.S. Attorney Mohsen Pasha—submits this trial brief discussing the charged offense, the elements of that offense, and the evidence that the government expects to present at trial.

**I.    Charged Offense and Elements**

Johnson is charged in a one-count indictment for aiming a laser pointer at an aircraft in violation of 18 U.S.C § 39A. Subsection (a) of that statute reads: "Whoever knowingly aims the beam of a laser pointer at an aircraft in the special aircraft jurisdiction of the United States, or at the flight path of such an aircraft, shall be fined under this title or imprisoned not more than 5 years, or both."

In other words, for purposes of this case, the government must prove two elements. *First*, the defendant must have "knowingly aim[ed] the beam of a laser pointer at an aircraft." § 39A(a). The Eighth Circuit has ruled that "§ 39A(a)'s requirement that the laser beam be 'knowingly aim[ed]' does not require an offender to intend the beam to strike the aircraft . . . in question." *United States v. Smith*, 756 F.3d 1070, 1075 (8th Cir. 2014) (brackets in original). Instead, the

1

defendant must simply "understand he or she is pointing or directing the laser's beam at an aircraft, regardless whether the offender intends to strike the aircraft." *Id.*

*Second*, the aircraft in question must have been "in the special aircraft jurisdiction of the United States." § 39A(a). The phrase "special aircraft jurisdiction of the United States" is defined in pertinent part in 49 U.S.C. § 46501(2) as follows: "'special aircraft jurisdiction of the United States' includes any of the following aircraft in flight: (A) a civil aircraft of the United States. (B) an aircraft of the armed forces of the United States. (C) another aircraft in the United States. . . ."

In turn, the phrase "aircraft in flight" is defined in pertinent part in 49 U.S.C. § 46501(1) as "an aircraft from the moment all external doors are closed following boarding—(A) through the moment when one external door is opened to allow passengers to leave the aircraft[.]" And under 18 U.S.C. § 31(a)(1), the "term 'aircraft' means a civil, military, or public contrivance invented, used, or designed to navigate, fly, or travel in the air."

Ultimately, taking those definitions together, the phrase "special aircraft jurisdiction of the United States" for purposes of this case means any aircraft flying in the United States. So, in its simplest sense, § 39A criminalizes aiming the beam of a laser pointer at an aircraft flying in the United States.

Finally, the statute defines "laser pointer" as "any device designed or used to amplify electromagnetic radiation by stimulated emission that emits a beam designed to be used by the operator as a pointer or highlighter to indicate, mark, or identify a specific position, place, item, or object." §39A(b).

2

**II.     Evidence**

The government expects that the evidence at trial will establish the following facts.[1] On the evening of Friday, August 9, 2024, SLCPD Officer John Becker and SLMPD Officer Mickey Christ were in a marked Metro Air Support helicopter flying over the Benton Park neighborhood the City of St. Louis, standing ready to assist an SLMPD SWAT detail in Downtown St. Louis. Officer Becker served as Pilot in Command and Officer Christ served as Tactical Flight Officer. Shortly before 9:45 pm, the helicopter's cockpit was flooded with a blue light, temporarily blinding the officers.

As the blue light started to cease, the officers were able to track the light to a beam emanating from the driver's side of a vehicle below. Officer Becker and Officer Christ began to track the vehicle. The vehicle drove down the block and then aimed the beam at the helicopter again. After that second incident, Officer Christ radioed the SWAT units to inform them what had happened and request assistance in the area of Sidney St and McNair Ave.

SLMPD Officers Collin McAnany and Matthew Shaw were in the south downtown area and began driving towards Sidney St and McNair Ave. While Officers McAnany and Shaw were in route, Officers Becker and Christ tracked the vehicle and provided updates on its movements to the ground team. In short, the vehicle was mostly driving in a square between Sidney St and Lynch St (which run parallel north/south) and McNair Ave and Missouri Ave (which run parallel east/west).

---

[1] The background and factual information provided throughout this pleading is intended as a summary only and general guide to aid the Court. It is not intended as a comprehensive statement of the government's case. The government is also not limiting itself to the evidence or assertions made in this section.

A few minutes later, Officers McAnany and Shaw arrived in the area. Around that time, Officer Christ saw the vehicle turn south on Missouri Ave from Sidney St and park at parking pad. Officer Christ directed Officers McAnany and Shaw to the vehicle's location, where they initiated a traffic stop. Between the time of the first incident and the stop, Officer Christ did not see anyone exit the vehicle.

Officers McAnany and Shaw then approached the vehicle and handcuffed the vehicle's sole occupant—the defendant here, Joshua Johnson. Officer Shaw read Johnson his *Miranda* rights. Johnson reported that he dropped off two people at a bar and one of them had pointed a laser pointer at the helicopter. Officer Shaw then checked with the helicopter. Officer Christ responded that the vehicle stopped at what appeared to be a bar but nobody got out, and that the second lasering occurred after that stop. Officer Shaw presented this information to Johnson, who then admitted that he pointed the laser pointer at the helicopter and that he knew it was a police helicopter because he had seen one before.

Meanwhile, Officer McAnany searched the vehicle. Under the driver's seat, Officer McAnany located a laser pointer. Officer McAnany tested the laser pointer and saw that it emitted a blue light. Officers McAnany and Shaw eventually transported Johnson to the Justice Center for booking and he was released shortly after that.

Respectfully submitted,

MATTHEW T. DRAKE
ACTING UNITED STATES ATTORNEY

/s/ *Mohsen Pasha*
Mohsen Pasha, #67373MO
Thomas F. Eagleton Courthouse
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102
(314) 539-2200

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 11, 2025, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

                                          /s/ *Mohsen Pasha*
                                          ASSISTANT UNITED STATES ATTORNEY
                                          Mohsen Pasha, #67373MO